UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **RYAN DAVID SIMMONS,** § | | |
| **# 663052,** § | | |
| § | | |
| **Plaintiff,** § | | |
| § | SA-20-CV-1006-JKP | |
| v. § | | |
| § | | |
| **THE STATE OF TEXAS, THE TEXAS** § | | |
| **DEPARTMENT O PUBLIC SAFETY,** § | | |
| **ET AL.,** § | | |
| § | | |
| **Defendants.** § | | |

**ORDER**

On May 21, 2021, Plaintiff Ryan David Simmons's Section 1983 civil rights case was STAYED pending a resolution of Plaintiff's criminal proceedings. (ECF No. 21). Further, Plaintiff was ordered to file an advisory with the Court stating the status of his pending criminal cases every sixty (60) days, beginning on July 21, 2021, as well as an advisory informing the Court of any disposition of the criminal proceedings (i.e., dismissal, acquittal, conviction) within ten (10) days after resolution of the criminal proceedings. (*Id.*). Plaintiff was warned that if failed to file a status report as directed by the Court, his Section 1983 Complaint could be dismissed without prejudice for failure to comply with this Court's order. *See* FED. R. CIV. P. 41(b). (*Id.*). Plaintiff was advised that in the alternative, he could voluntarily dismiss his Section 1983 Complaint pursuant to FED. R. CIV. P. 41(a). (*Id.*).

On June 3, 2021, Plaintiff filed a "Request for Clarification & Advisory to the Court As Ordered." (ECF No. 22). Plaintiff seeks to amend his complaint in order to increase the amount of damages sought. (*Id.*). Additionally, Plaintiff requests dismissal of this case without prejudice so that the parties may enter into settlement negotiations. (*Id.*). Finally, Plaintiff inquires whether the

Clerk of the Court will inform the defendants of the dismissal so as "to initiate the settlement process" with the State of Texas. (*Id.*).

Plaintiff is advised that Texas's statute of limitations applies to his Section 1983 claims. *Wallace v. Kato*, 549 U.S. 384, 387 (2007); *see also Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001) ("The statute of limitations for a suit brought under § 1983 is determined by the general statute of limitations governing personal injuries in the forum state."). "In Texas, the applicable limitations period is two years." *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993); *see* TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a) ("[A] person must bring suit ... not later than two years after the day the cause of action accrues."). A cause accrues, and the statute begins to run, "when the wrongful act or omission results in damages." *Wallace*, 549 U.S. at 391–92 (applying accrual to false arrest); *Leblanc v. City of Haltom City*, No. 4:10-CV-812-A, 2011 WL 2149908 *5 (N.D. Tex. May 31, 2011) (noting that accrual principle applies "equally to claims seeking damages for unconstitutional searches and seizures and related activities"). Thus, should Plaintiff choose to voluntarily dismiss this suit, he may be barred from refiling his claims. In light of Plaintiff's request to amend his complaint, the Court believes Plaintiff intends to pursue his claims and therefore, disregards Plaintiff's request to voluntarily dismiss this suit.

Presently, this case is administratively stayed. (ECF No. 21). Once Plaintiff's criminal cases have been resolved and the stay is lifted, Plaintiff may amend his complaint. Finally, Plaintiff is advised that it is up to him to initiate settlement proceedings with the Defendants who have not yet been served.

SIGNED this 9th day of July, 2021.

_____
JASON PULLIAM
UNITED STATES DISTRICT JUDGE